UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 25-0234-SVW (JPR)**                                    Date: **January 17, 2025**
Title:  **Alfred Shallowhorn v. L. Lundy**
================================================================
**DOCKET ENTRY: Order to Show Cause Why This Action Should Not Be Dismissed**
================================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:                ATTORNEYS PRESENT FOR RESPONDENT:
  None present                                                                    None present

**PROCEEDINGS: (IN CHAMBERS)**

On December 23, 2024, Petitioner filed in the Southern District of California a Petition for Writ of Habeas Corpus; that court subsequently transferred it here. Petitioner, who is in state custody, claims that his "illegal" 1998 $1,000 restitution fine was "stayed/waived" by the superior court but that he has not been refunded $800 for payments made prior to the court's order.  (Pet., ECF No. 1 at 3, 7-10.)  He also claims that the prison's failure to refund the $800 violated his due-process rights and the Eighth Amendment's prohibition against cruel and unusual punishment and excessive fines.  (Id. at 4, 10-16.)

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) (citations omitted); see 28 U.S.C. § 2254(a).  Physical custody alone is insufficient to confer jurisdiction; the language of the habeas statute requires a nexus between the petitioner's claim and the unlawful nature of his custody.  Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).  A claim challenging the imposition of a fine or restitution order does not meet this jurisdictional requirement even when the petitioner is incarcerated.  Id. at 980–81 (no § 2254 jurisdiction over claim challenging restitution order); Williamson v. Gregoire,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.      CV 25-0234-SVW (JPR)                                January 17, 2025
         <u>Alfred Shallowhorn v. L. Lundy</u>                                          Page 2

---

151 F.3d 1180, 1183 (9th Cir. 1998) (stating that imposition of fine is "merely a collateral consequence of conviction" and is not sufficient to establish federal habeas jurisdiction); <u>see also</u> <u>United States v. Thiele</u>, 314 F.3d 399, 402 (9th Cir. 2002) (no jurisdiction under 28 U.S.C. § 2255 over claim challenging restitution order).

   Here, Petitioner's claims pertain only to his restitution fine. (<u>See</u> Pet., ECF No. 1 at 3-4, 7-16.) Thus, they are likely not cognizable on federal habeas review, and the Court is likely without jurisdiction over the Petition. <u>See</u> <u>Bailey</u>, 599 F.3d at 981.[1]

---

   [1] The Petition may also be second or successive under § 2244(b) because Petitioner has previously challenged his underlying 1998 judgment of conviction through multiple unsuccessful habeas petitions. See J., <u>Shallowhorn v. Stribling</u>, No. 2:04-cv-08421-SVW-JPR, ECF No. 72 (C.D. Cal. July 16, 2010) (denying petition and dismissing action with prejudice); Order, <u>Shallowhorn v. Madden</u>, No. 2:15-cv-08051-MMM-JPR, ECF No. 4 (C.D. Cal. Oct. 30, 2015) (summarily dismissing petition as second or successive and referring it to Ninth Circuit Court of Appeals); Order, <u>Shallowhorn v. Cal. Dep't Corr.</u>, No. 2:23-cv-03652-GW-JPR, ECF No. 7 (C.D. Cal. Aug. 4, 2023) (same).

   A habeas petition that challenges an intervening judgment is generally not considered second or successive, however. <u>See</u> <u>Magwood v. Patterson</u>, 561 U.S. 320, 341-42 (2010) (when there is "a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (per curiam))). The superior court's September 25, 2023 order, which apparently "stayed/waived" Petitioner's restitution fine (Pet., ECF No. 1 at 3 & Ex. A, ECF No. 1-2 at 2), might have acted as an amendment of the judgment, rendering it "new." But the Court need not reach that issue because it likely does not have jurisdiction over the Petition for the reasons discussed herein.

MINUTES FORM 11                                      Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     CV 25-0234-SVW (JPR)                                        January 17, 2025
             <u>Alfred Shallowhorn v. L. Lundy</u>                                       Page 3

-------------------------------------------------------------------

    No later than 21 days from the date of this order, Petitioner must show cause in writing why his habeas Petition should not be dismissed.  He is warned that if he fails to timely respond to this order, this action may be dismissed on that basis and for the reasons discussed herein.

    cc: Judge Wilson